UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONNIE ELKINS and DONNA ELKINS,

    Plaintiffs,

v.                                            Case No.:  2:25-cv-764-SPC-NPM

PENN NATIONAL SECURITY INSURANCE COMPANY and PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,

    Defendants.
_____/

**OPINION AND ORDER**

Before the Court is Defendants Penn National Security Insurance Company and Pennsylvania National Mutual Casualty Insurance Company's Motion to Change Venue. (Doc. 7). Plaintiffs Donnie and Donna Elkins filed a response in opposition.[1] (Doc. 12). For the below reasons, the Court denies the motion.

This is a first party underinsured motorist dispute. (Doc. 3). Plaintiffs live in Tennessee. While visiting Lee County, Florida, they were involved in a

---

[1] Defendants filed a reply brief (Doc. 13), but they did so without leave of court. *See* M.D. Fla. R. 3.01(d) ("Except for a reply to a motion for summary judgment or a reply brief in a social security case, no party may reply without leave."). So the Court disregards it.

motor-vehicle collision caused by non-party Matthew Shetters. Plaintiffs received initial medical treatment here in Lee County. They then returned to their Tennessee home where they received the bulk of their medical care. Defendants issued the subject insurance policy to Plaintiffs in Tennessee, and Tennessee law governs the action. (Docs. 7, 12).

Defendants ask the Court to transfer this case to the Middle District of Tennessee under 28 U.S.C. § 1404(a). This section provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When considering whether to transfer venue under this section, in the absence of consent among the parties, a court engages in a two-step inquiry: (1) whether the case could have been filed in the proposed district; and (2) whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice. *See Nat'l Tr. Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1241 (M.D. Fla. 2016). The moving party bears the burden of establishing the case should be transferred to the suggested forum. *See id.*

Defendants fail at the first step in the § 1404(a) inquiry[2], but Plaintiffs do not contest they could have brought this case in the Middle District of Tennessee. Given this element is uncontested and because Defendants fail to carry their burden on the second element anyway, the Court assumes, arguendo, that the Middle District of Tennessee is a proper venue and proceeds to step two.

When analyzing the second factor—whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice—the Court considers several factors. These factors include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135

---

[2] They do nothing to establish this case could have been filed in the Middle District of Tennessee. They simply assert that Plaintiffs could have brought this action "in the State of Tennessee[.]" (Doc. 7 at 4). In fact, their entire motion discusses only this case's connection to Tennessee generally, not any city, county, or judicial district. While perhaps demonstrating personal jurisdiction, Defendants fail to establish the Middle District of Tennessee is a proper venue.

3

n.1 (11th Cir. 2005). Defendants fail to show consideration of these factors warrants transfer.[3]

The convenience of witnesses is up first. When weighing this factor, courts do not consider the number of witnesses each party presents. Rather, courts "afford greater deference to the inconvenience of witnesses whose testimony is essential to a claim or defense and those whose credibility might be a key factor in the dispute." *Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d 1203, 1209 (N.D. Fla. 2020). For that reason, the party seeking venue change should provide a list of key witnesses and their residence, a summary of their testimony, an explanation as to why such testimony is material, how the witnesses would be inconvenienced by the plaintiff's forum, and how the suggested forum would ameliorate the inconvenience. *Id.* Defendants do none of this. Instead, they vaguely assert that most of Plaintiffs' medical treaters are in Tennessee and attach over a hundred pages of medical records. But "vague statements about the convenience of unknown and unnamed witnesses [are] insufficient to convince a court to transfer venue." *Id.* Plus, Plaintiffs received their initial medical treatment in this district, and they assert the at-fault driver of the underlying accident and the first responders are potential witnesses located in this district. So Defendants have not shown this factor

---

[3] The Court only discusses the factors that the parties address in their briefing.

weights in favor of transfer. Considering this factor is often considered "the most important factor in the section 1404(a) analysis," *id.* at 1208, Defendants are not off to a good start.

Next is the location of relevant documents and the relative ease of access to sources of proof. Although Defendants do not identify any specific documents, it is presumed that medical records and policy documents are the gravamen of this case. Medical records are in both Tennessee and Florida. It is unclear where the relevant policy documents are located. Either way, "[s]ince the advent of electronic discovery, most courts have recognized that the physical location of relevant documents is no longer a significant factor in the transfer inquiry." *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1264 (N.D. Fla. 2019) (citation and internal quotations omitted). So this factor does not favor transfer either.

The convenience of the parties is a toss-up. Plaintiffs reside in Tennessee, so that forum would seemingly be more convenient for them. But then again, Plaintiffs chose chose to file their case here. As for Defendants, they are citizens of Pennsylvania, not Tennessee. (Doc. 1 ¶ 7). So Defendants also fail to show this factor favors transfer. *See Stephenson v. New Hampshire Ins. Co.*, No. 2:18-CV-137-GMB, 2019 WL 1245791, at *3 (M.D. Ala. Mar. 18, 2019) (finding the convenience of parties did not favor transfer because the defendant resided outside of its preferred venue and the plaintiff, who lives in

5

the defendant's preferred venue, chose to file this case outside of its home venue).

The locus of operative facts is similarly a draw. Defendants argue that the underlying policy was issued in Tennessee and allegedly breached while Plaintiffs resided there. Plaintiffs counter that the Middle District of Florida is where the underlying motor vehicle accident occurred.[4] Both points are valid. Because some of the operative facts occurred in the Middle District of Tennessee, which favors Defendants' forum, while other operative facts occurred here, supporting Plaintiffs' forum, this factor is neutral. *See id.* (finding the "locus of operative facts" neutral for identical reasons).

As for the relative means of the parties, Defendants do not address this factor. Plaintiffs, however, note that their counsel is here in the Middle District of Florida. Defense counsel is also located in the Southern District of Florida but is a member of the Middle District of Florida Bar. Without argument from the Defendants on this point, this factor weighs against transfer.

The next consideration is the forum's familiarity with the governing law. According to Defendants, Tennessee law governs this dispute, so a Tennessee federal court is better suited to handle it. That is fair enough. *See Exotropin,*

---

[4] Given this is a first-party insurance dispute, the Court is not entirely certain the motor-vehicle accident is particularly relevant. But Defendants do not argue otherwise.

*LLC v. DP Derm, LLC*, No. 25-CV-20713, 2025 WL 2306200, at *9 (S.D. Fla. Aug. 11, 2025) ("While district courts often have little trouble applying the law of other states, this factor weighs in favor of retaining the case in the forum where local law claims are at issue." (internal citations and quotations omitted)). Although this factor supports transfer, it does little to tip the scales. *See Harvard*, 408 F. Supp. 3d at 1264–65 (explaining this factor "is one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved" (citation and internal quotations omitted)).

Turning now to the weight afforded to Plaintiffs' choice of forum. Generally, the court must give considerable weight to the plaintiff's choice of forum. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."). But such deference is lessened here because the Middle District of Florida is not Plaintiffs' home forum. *See Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d 1334, 1338 (M.D. Fla. 2011) ("[W]here a plaintiff has chosen a forum that is not its home forum, only minimal deference is required[.]" (citation and quotations omitted)). So Plaintiffs' choice of forum is entitled to minimal deference.

Having considered the factors, the Court finds that Defendants have not shown that the convenience of the parties and witnesses, and the interest of

7

justice, warrant transfer to the Middle District of Tennessee. Defendants only established one factor supporting transfer—the Middle District of Tennessee's familiarity with Tennessee law. This sole (and largely insignificant) factor is not enough to tip the scales, notwithstanding the minimal deference accorded to Plaintiffs' chosen forum. So the Court denies Defendants' motion.

Accordingly, it is now

**ORDERED:**

Defendants' motion to change venue (Doc. 7) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 3, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record